

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

DIAMOND SERVICES CORPORATION       CIVIL ACTION NO. 6:11-0772

VERSUS       JUDGE DOHERTY

BRITISH EUROPEAN AND OVERSEAS       MAGISTRATE JUDGE HILL
P&I INSURANCE, ET AL

## MEMORANDUM RULING

Currently pending before the Court is a motion to dismiss [Doc. 25] pursuant to Fed. R. Civ.

P. 12(b)(6)("failure to state a claim upon which relief can be granted"), filed by defendant, Stiel

Insurance Services of New Orleans ("Stiel"). By way of its motion, Stiel "moves this Honorable

Court to dismiss the Petition for Damages filed on behalf of the plaintiff, DIAMOND SERVICES

CORPORATION," arguing plaintiff "has failed to state a claim against Stiel for insurance agent

malpractice upon which relief can be granted . . . ." [Doc. 25, p.1; Doc. 25-1, p.1] For the following

reasons, the motion is DENIED.

I.     **Background**

On or about December 13, 2009, two vessels owned by Diamond sustained damage "[d]ue

to inclement weather conditions, and twelve (12) to fifteen (15) foot seas." [Doc. 1-1, ¶ 9] According

to the petition, the weather and rough seas: (1) caused a tow wire to break, resulting in the grounding

of the vessel *SF2200* at Chandelier Island; and (2) "overcame the ship [the D85] and flooded the

equipment room." [Id. at ¶10] On March 2, 2011, Diamond filed suit in the 16th Judicial District

Court for the Parish of St. Mary, State of Louisiana, asserting its insurers and their local

1

correspondent, Lamorte Burns and Company, Inc. ("Lamorte"), have "refused to adequately adjust

the claims and timely pay the sums due their insured, **DIAMOND**, as required by Louisiana law and

applicable law and jurisprudence." [Doc. 1-1, ¶ 16 (emphasis in original)] Diamond additionally

brought claims against Stiel (Diamond's insurance agent) and Colemont (Diamond's insurance

broker) for: (1) failure to procure the insurance requested, (2) negligent and/or intentional

misrepresentation, and (3) return of excess premiums.[1] [Doc. 1-1, ¶¶ 3, 4, 24, 25-27]  The case was

subsequently removed to this Court.  As noted, Stiel now seeks dismissal of the claims brought

against it, arguing plaintiff "has failed to state a claim against Stiel for insurance agent malpractice

upon which relief can be granted. . . ." [Doc. 25-1, p.1] Stiel does not address plaintiff's claim for

intentional misrepresentation or return of excess premiums.

    The factual allegations giving rise to the claims at issue are set forth in plaintiff's original

petition as follows:

3.

    As part of Plaintiff's business, Plaintiff owns and operates several maritime
vessels, including a lay barge, D-85 and a crane barge, SF-2200.  In the normal
course of business, **DIAMOND**, through it [sic] representatives, sought and was
quoted prices for maritime insurance.  The quoted insurance included hull protection,
protection and indemnity, and bumbershoot (excess/umbrella) insurance.  The
insurance was quoted by and purchased through **DIAMOND's** insurance agent,
defendant **STIEL INSURANCE SERVICES OF NEW ORLEANS, INC.
(Hereinafter "STIEL").**

4.

    Upon information and belief, defendant **COLEMONT INSURANCE
BORKERS [sic] OF TEXAS, L.P. (Hereinafter "COLEMONT")** was the broker

---

[1]By way of a supplemental complaint filed subsequent to the submission of the pending briefing,
plaintiff added a claim of fraud against Stiel and Colemont.  Accordingly, Stiel does not address
plaintiff's claim of fraud, and consequently, that claim is not addressed in this ruling.

who shopped and placed the insurance coverage referenced in the preceeding paragraph.

. . . .

7.

. . . **STIEL** . . . represented that coverage was bound effective on September 10, 2009 and extending through September 10,1 [sic] 2010.

. . . .

24.

Upon information and belief, Defendants, **STIEL** and **COLEMOT** [sic] did not secure insurance which adequately provides coverage for the claims made herein and/or secured coverage through companies which are either defunct, not doing business in the State of Louisiana, and/or not licensed to business [sic] in the State of Louisiana.

25.

In order to assure that it's [sic] vessels were properly insured, **DIAMOND** had to purchase additional insurance with other insurers at a cost of TWO HUNDRED ONE THOUSAND, FOUR HUNDRED NINETY AND 74/100 DOLLARS ($201,490.74).

26.

Despite repeated demands, Defendants, **STIEL** and **COLEMOT** [sic] have failed and refused to return the excess premiums paid by **DIAMOND** for the insurance referenced herein.

27.

Plaintiff **DIAMOND** further alleges that it is entitled to recover damages for premiums paid and which were not earned and/or used to purchase insurance.

[Doc. 1-1, pp. 2-6]

Plaintiff filed a supplemental complaint, asserting additional factual allegations in support

3

of the pending claims[2]:

### 23(a).

Defendants, **STIEL AND COLEMONT**, were made aware among other requirements by **DIAMOND**, that **DIAMOND's** business activities required that **DIAMOND's** insurance coverage ("security") be placed with companies who were approved and admitted ("white listed") to do business in the State of Louisiana, who were subject to the jurisdiction of Louisiana law and courts, who were Best Rated "A," who were approved by **DIAMOND's** bumbershoot carrier and whose coverage matched the terms of **DIAMOND's** expiring coverage.

### 23(b).

Defendants **STIEL AND COLEMONT**, made representations to **DIAMOND** that security was bound, matching **DIAMOND's** business activity requirements and matching the expiring terms of **DIAMOND's** existing coverage.

### 23(c).

Specifically it was represented to **DIAMOND** that security had been placed with International Insurance Company of Hanover, LTD, which was a Best Rated "A" company "whitelisted by the State of Louisiana". Upon information and belief, a "binder" was issued to that effect by **COLEMONT**.

. . . .

### 23(e).

In truth and fact, security had not been bound as requested by **DIAMOND** or as represented to **DIAMOND** by **STIEL AND COLEMONT**. It was placed with defendant **BE&O**, a company who was not "white listed" in the State of Louisiana, who was not Best Rated "A", whose rules allegedly provide for arbitration under English law in London England, who was not acceptable to **DIAMOND's** bumbershoot coverage and whose terms did not match **DIAMOND's** expiring terms.

---

[2]Again, the supplemental complaint was submitted subsequent to the submission of all briefing for the pending motion. However, as the supplemental complaint contains additional factual allegations bearing upon the pending motion, the Court has included certain factual allegations contained therein in this Ruling.

23(f).

Despite having knowledge that the security placed by **STIEL** and **COLEMONT** did not fulfill **DIAMOND's** insurance requirements, **STIEL AND COLEMONT** remained silent and did not disclose the truth to **DIAMOND** for several months.

. . . .

23(h).

Before **DIAMOND** had the opportunity to be fully appraised of, and act on the inadequacy of the coverage provided by **STIEL AND COLEMONT**, the incidents giving rise to the claims made herein, had already occurred.

[Doc. 66 ("First Amending Complaint"), pp. 1-3]

## II.    Legal Standard: Motion to Dismiss

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). The purpose of the foregoing rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  Where a complaint fails to state a claim upon which relief can be granted, the court is permitted to dismiss the complaint as a matter of law. Fed.R.Civ.P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) ("Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial

5

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**III.    Analysis**

As noted, Stiel characterizes plaintiff's claim as one for "insurance agent malpractice," which, according to Stiel, arises when an agent "fail[s] to procure insurance or negligently mislead[s] the client as to the scope of coverage." [Doc. 25, p.6] With regard to a claim of failure to procure insurance, the Louisiana Supreme Court provides the following guidance:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

*Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973); *see also Haeuber v. Can-Do, Inc., II*, 666 F.2d 275, 280 (5ᵗʰ Cir. 1982)("The duty of a broker is to obtain, not merely request, the coverage needed, and if it is unavailable, to notify the client."); *Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352, 356 (La. 2010)(insurance agent owes a duty of reasonable diligence to his client; this duty is fulfilled when the agent procures the insurance requested).

According to the Fifth Circuit:

In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove:

(1) an undertaking or agreement by the insurance agent to procure insurance;

(2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and

(3) actions by the agent warranting the client's assumption that the client was properly insured.

*Offshore Prod. Contractors Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229-30 (5th Cir. 1990)(citations omitted)(quoting *Durham v. McFarland, Gay and Clay Inc.*, 527 So.2d 403, 405 (La.App. 1988)).

In this matter, plaintiff alleges: (1) it reached an agreement with Stiel to procure insurance containing certain, specific provisions [Doc. 1-1, ¶ 3, Doc. 66, ¶ 23(a)]; (2) Stiel failed to notify plaintiff that it had failed to obtain insurance containing the requested provisions [Doc. 1-1, ¶¶ 7, 24; Doc. 66, ¶ 23(b), (c), (e), (f)]; and (3) Stiel's actions warranted the assumption by plaintiff that it was properly insured with the desired coverage [Doc. 1-1, ¶ 7; Doc. 66, ¶ 23(b), (c), (f)]. *Karam* at 730-31. The Court finds these allegations, on their face, are sufficient to state a claim of failure to procure insurance.

As for a claim of negligent misrepresentation: "A person commits the tort of negligent misrepresentation when (1) he has a legal duty to supply correct information; (2) he breaches that duty; and (3) his breach causes damages to the plaintiff." *Society of Roman Catholic Church of Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co.*, 126 F.3d 727, 742 (5th Cir. 1997)(citing *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007 (La.1993); La. Civ. Code arts. 2315 & 2216). "This tort applies in both nondisclosure and misinformation cases." *Id.* (citing *Nesbitt v. Dunn*, 672 So.2d 226, 231 (La.App.1996)); *see also Abbott v. Equity Group, Inc.*, 2 F.3d 613, 625, n.38 (5th Cir. 1993).

Here, Stiel, as plaintiff's insurance agent, had a legal duty to provide plaintiff with correct information. *Society of Roman Catholic Church* at 742 (Insurance agent "clearly had a legal duty to provide correct information" to its client). According to the complaint, Stiel breached the foregoing duty, resulting in damages to plaintiff. [Doc. 1-1, ¶¶ 24-27; Doc. 66, ¶¶ 23(b), (c), (e), (f)] The Court finds these allegations are sufficient, on their face, to state a claim of negligent misrepresentation.

In light of the foregoing, the Court finds defendant has failed to show, as a matter of law, that the allegations set forth in the complaint, as amended, are insufficient to state a claim upon which relief can be granted. Accordingly, Stiel's motion to dismiss [Doc. 25] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _____20_____ day of September, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

8