RECEIVED
FEB 2 4 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DIAMOND SERVICES CORP. | CIVIL ACTION NO. 6:11-cv-0772 |
| VERSUS | JUDGE DOHERTY |
| THE BRITISH EUROPEAN AND OVERSEAS P&I INSURANCE, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Now pending before the Court is an "Unopposed Motion for Entry of Final Judgment," submitted by defendant, Certain Underwriters at Lloyd's London ("Lloyd's"). [Doc. 125] By way of its motion, Lloyd's moves the Court to certify its September 24, 2013 Ruling and Order [Docs. 123, 124] as a final judgment, pursuant to Rule 54(b). [Doc. 125, p.1] The Ruling and Order for which Lloyd's seeks certification dismissed all claims asserted against Lloyd's, Catlin Insurance Company ("Catlin"), and Fireman's Fund Insurance Company ("Fireman's"), finding the policy at issue provided no coverage for the events here sued upon.[1] [Docs. 123, 124] The Court finds defendant's motion for entry of final judgment should be DENIED for the reasons that follow.

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The pending action presents more than one claim for relief, as well as multiple parties.[2]

---

[1] Catlin, Lloyd's, and Fireman's "each subscribed as co-insurers to a bumbershoot policy insuring plaintiff." [Doc. 123, p.1, n.1]

[2] More specifically, plaintiff has asserted claims against its insurance agent (Stiel Insurance Services of New Orleans, Inc.) and its broker (Colemont Insurance Brokers of Texas, L.P.) for failure to

For certification to be proper, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S.1, 7 (1980). To satisfy this requirement, the ruling at issue must be "a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Next, the court must "determine whether there is any just reason for delay." *Id.* at 8. In making this determination, the court must "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright* at 8. This analysis properly includes consideration of whether the claim or claims under review are "separable from the others remaining to be adjudicated," and whether the nature of the claims already determined is "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Even if one of these factors is present, certification under Rule 54(b) may still be proper if there is "a sufficiently important reason for nonetheless granting certification." *Id.* at 8, n.2. However, "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court finds the requirement of finality is met in this matter with respect to the September 24, 2013 Ruling and Order. The referenced Ruling found the bumbershoot insurance policy issued

---

secure adequate insurance and failure to return excess premiums; those claims remain pending. Plaintiff additionally asserted claims against its insurers (British European & Overseas P&I Insurance, International Insurance Co. of Hanover Ltd, Catlin Insurance Co., Firemans Fund Insurance Co., and Lloyd's) and its local correspondent (Lamorte Burns and Company, Inc.) for failure to adjust and timely pay claims. All claims asserted against plaintiff's insurers and plaintiff's correspondent have been resolved. [Docs. 101, 103, 124]

by Lloyd's, Catlin and Fireman's to plaintiff does not provide coverage for the claims asserted herein. Accordingly, this Court's Ruling as to plaintiff's claim against Lloyd's is "final," because there are no issues left to be determined with respect to that claim. *See e.g. St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 337-38 (5th Cir. 1997); *Jackson v. O'Shields*, 101 F.3d 1083, 184-85 & n.2 (5th Cir. 1996).

Nevertheless, the Court finds in this matter there *is* just reason for delay. The policy made subject of this Court's Ruling for which Lloyd's seeks final judgment was issued not only by Lloyd's, but also by Catlin and Fireman's. Neither Catlin nor Fireman's joins in Lloyd's motion for certification of final judgment. Accordingly, this Court cannot conclude "no appellate court would have to decide the same issues more than once . . . if there were subsequent appeals." *Curtiss-Wright* at 8. The Court notes the only "hardship" identified by Lloyd's that it will endure should this Court deny its motion for certification is the following: "Continuing to monitor and/or participate in this litigation would be a [sic] unnecessary hardship and a 'lengthy and costly' process which warrants entry of final judgment." [Doc. 125-1, p.3 (quoting *Gulf Belting & Gasket Co., Inc. v. Select Ins. Co.*, 2005 WL 3543785 (E.D.La.)] The Court finds the identified hardship is insufficient to overcome the policy against piecemeal appeals. *See e.g. PYCA* at 1421 ("One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals.")

In light of the foregoing, Lloyd's motion for entry of final judgment [Doc. 125] is DENIED.

THUS DONE AND SIGNED in ~~Lafayette, Louisiana, this~~ 24 day of February, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-3-