U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 26 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DIAMOND SERVICES CORP. | CIVIL ACTION NO. 6:11-cv-0772 |
| VERSUS | JUDGE DOHERTY |
| THE BRITISH EUROPEAN AND OVERSEAS P&I INSURANCE, ET AL | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING[1]

Now pending before the Court is an "Unopposed Motion for Entry of Final Judgment," submitted by defendants, Certain Underwriters at Lloyd's London, Catlin Insurance Company, and Fireman Fund Insurance Company (collectively, "Underwriters"). [Doc. 125] By way of their motion, Underwriters move the Court to certify its September 24, 2013 Ruling and Order [Docs. 123, 124] as a final judgment, pursuant to Rule 54(b). [Doc. 125, p.1] The Ruling and Order for which Underwriters seeks certification dismissed all claims asserted against Underwriters, finding the policy at issue provided no coverage for the events here sued upon.[2] [Docs. 123, 124] The Court finds Underwriter's motion for entry of final judgment should be GRANTED for the reasons that follow.

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[1] On February 24, 2014, this Court issued a Memorandum Ruling and Order disposing of the subject motion. [Docs. 129, 130] It has come to this Court's attention that it was in error when it stated the subject motion was filed solely by Certain Underwriters at Lloyd's London ("Lloyd's"). Accordingly, the Ruling and Order have been vacated, and this Ruling now issues.

[2] Catlin, Lloyd's, and Fireman's "each subscribed as co-insurers to a bumbershoot policy insuring plaintiff." [Doc. 123, p.1, n.1]

Fed. R. Civ. P. 54(b). The pending action presents more than one claim for relief, as well as multiple parties.[3]

For certification to be proper, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S.1, 7 (1980). To satisfy this requirement, the ruling at issue must be "a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Next, the court must "determine whether there is any just reason for delay." *Id.* at 8. In making this determination, the court must "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright* at 8. This analysis properly includes consideration of whether the claim or claims under review are "separable from the others remaining to be adjudicated," and whether the nature of the claims already determined is "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Even if one of these factors is present, certification under Rule 54(b) may still be proper if there is "a sufficiently important reason for nonetheless granting certification." *Id.* at 8, n.2. However, "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Industries, Inc. v. Harrison County Waste Water*

---

[3] More specifically, plaintiff has asserted claims against its insurance agent (Stiel Insurance Services of New Orleans, Inc.) and its broker (Colemont Insurance Brokers of Texas, L.P.) for failure to secure adequate insurance and failure to return excess premiums; those claims remain pending. Plaintiff additionally asserted claims against its insurers (British European & Overseas P&I Insurance, International Insurance Co. of Hanover Ltd, Catlin Insurance Co., Firemans Fund Insurance Co., and Lloyd's) and its local correspondent (Lamorte Burns and Company, Inc.) for failure to adjust and timely pay claims. All claims asserted against plaintiff's insurers and plaintiff's correspondent have been dismissed. [Docs. 101, 103, 124]

*Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court finds the requirement of finality is met in this matter with respect to the September 24, 2013 Ruling and Order. The referenced Ruling found the bumbershoot insurance policy issued by Underwriters' to plaintiff does not provide coverage for the claims asserted herein. Accordingly, this Court's Ruling as to plaintiff's claim against Underwriters is "final," because there are no issues left to be determined with respect to that claim. *See e.g. St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 337-38 (5th Cir. 1997); *Jackson v. O'Shields*, 101 F.3d 1083, 184-85 & n.2 (5th Cir. 1996).

The Court additionally finds there is no just reason for delay in this matter. Subsequent litigation could potentially be lengthy and costly, and is unlikely to reveal any facts which would alter Underwriters' entitlement to summary judgment, as their entitlement to same was based purely on contractual interpretation. The Court further notes no opposition has been lodged to the motion for certification by plaintiff.

In light of the foregoing, the "Unopposed Motion for Entry of Final Judgment," submitted by defendants, Certain Underwriters at Lloyd's London, Catlin Insurance Company, and Fireman Fund Insurance Company [Doc. 125] is GRANTED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __26__ day of February, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE: 2/26/14

-3-