UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIAMOND SERVICES CORPORATION** | *CIVIL NO. 6:11-0772 |
| **VERSUS** | *MAGISTRATE JUDGE HILL |
| **BRITISH EUROPEAN AND OVERSEAS P&I INSURANCE, ET AL.** | *BY CONSENT OF THE PARTIES |

## ORDER OF REMAND

Pending before the Court is the Motion to Remand this suit to the 16th Judicial District Court for St. Mary Parish, Louisiana filed by Stiel Insurance Services of New Orleans ("Stiel"). [rec. doc. 127]. Colemont Insurance Brokers of Texas, L.P. ("Colemont") originally filed Opposition to the Motion [rec. docs. 134 and 146], but later withdrew its Opposition. [rec. doc. 154]. Thus, the Motion is unopposed.[1]

On December 13, 2009, two of Diamond's vessels allegedly sustained damages when a crane barge which was in tow, was grounded, as a result of the tow wire breaking. Diamond filed the instant lawsuit in the 16th Judicial District Court for St. Mary Parish, Louisiana, alleging two claims for relief. The first claim is asserted against Diamond's insurance agent, Stiel Insurance Services of New Orleans, Inc. ("Stiel") and broker, Colemont Insurance Brokers of Texas, L.P. ("Colemont") for failure to secure adequate insurance for the damage allegedly sustained by the vessels, and failure to return excess premiums for the alleged inadequate insurance it obtained. The second claim was against various alleged insurers,

---

[1] Plaintiff, Diamond Services Corporation ("Diamond") did not Oppose the Motion. Further, the record reveals that Diamond previously sought remand; based on the then existing procedural posture of this case, remand was denied. [rec. doc. 18 and 24].

including British European & Overseas P&I Insurance ("BEO"), and their local correspondent, Lamorte Burns and Company, Inc. ("Lamorte Burns") for failure to adjust and timely pay the claims submitted by Diamond for damages to its vessels.

BEO, a Bahamas company, is an internationally-recognized protection and indemnity association, or Club. Therefore, on May 20, 2011, BEO removed this action under this Court's federal question jurisdiction based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), which Congress has implemented at 9 U.S.C. § 201, *et seq.*, alleging in its Notice of Removal that the arbitration provisions contained in the Club Rules are subject to the Convention, thus, rendering the removal of this action proper. [rec. doc. 1]. At the time of removal, BEO submitted consents to removal by Colemont and other defendants, but did not obtain Stiel's consent to the removal.[2]

Diamond's Motion to Remand was denied by this Court. [rec. doc. 24]. BEO's Motion to Stay and Compel Arbitration was granted. [rec. doc. 80]. Thereafter, Diamond settled its claims against BEO and Lamorte Burns, and accordingly, those claims were dismissed with prejudice. [rec. doc. 103]. Accordingly, the sole claims remaining before this Court are those asserted by Diamond against Stiel and Colemont under Louisiana state law.[3]

---

[2]The Court rejected Diamond's argument in its Motion to Remand that the removal of this case was improper because BEO did not obtain Steil's consent to removal, finding that unanimity of consent is not required for removal under § 205 of the Convention. [rec. doc. 24, pg. 11-13].

[3]Diamond's claims against various P&I excess insurers were dismissed on Summary Judgment. [rec. docs. 123 and 124].

It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, there is a presumption against subject matter jurisdiction. *Id.*; *See also Town of Lantana v. Hopper*, 102 F.2d 118, (5th Cir. 1939) ("Federal Courts are of limited jurisdiction, fixed by statute, and the presumption is against jurisdiction throughout the case."). Further, removal statutes are to be strictly construed. *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Hood v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013) *citing Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

Courts are instructed to examine their jurisdiction "at every stage of the litigation." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) *quoting Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation."). The general rule in the Fifth Circuit is to remand state law claims when the federal claims to which they are pendent are dismissed. *See Enochs*, 641 F.3d at 161 *citing Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.,* 554 F.3d 595, 602 (5th Cir. 2009) (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining

state-law claims when all federal-law claims are eliminated before trial") and *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court").

In this case, it is uncontested that all federal claims over which this Court had original federal question jurisdiction, and upon which removal was based, and have been dismissed. It is further uncontested that diversity of citizenship is not present. Therefore, there is no independent basis for the continuing exercise of jurisdiction. Rather, this Court's jurisdiction over the remaining Louisiana state law claims is under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In determining whether a district court should relinquish supplemental jurisdiction over pendent state law claims, this Court looks to the statutory factors set forth is § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity. *Enochs*, 641 F.3d at 158-159. The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

While the state law claims asserted by Diamond against Stiel and Colemont are not novel or complex, the second and third factors favor remand. All of Diamond's federal claims have been dismissed, and accordingly, Diamond's state law claims predominate as they

constitute the sole remaining claims before this Court. The fourth factor also favors remand, because, as discussed below, the heavy balance of the common law factors which favor remand constitutes another compelling reason to decline jurisdiction.

Judicial economy favors remand. There has been very little expenditure of federal judicial resources, let alone a significant amount of resources, devoted to consideration of Diamond's state law claims against Stiel or Colemont. Rather, the Court's primary focus has been on the claims asserted by Diamond against BEO, over which this Court exercised original federal question jurisdiction. Although the Court denied Motions filed by Stiel and Colemont, the Court's rulings did not require a thorough consideration of the merits of Diamonds claims. [*See* rec. docs. 83 and 86].

Second, it is certainly more convenient for the case to be heard in the Louisiana state court in St. Mary Parish, where the majority of the parties, witnesses, and evidence were located, rather than this federal court in Lafayette Parish which has virtually not connection to the controversy. Moreover, there will be no need for any party to duplicate any research, discovery or other trial preparation work, and hence, no need to duplicate any of their previous efforts or expenses. Additionally, it is certainly fair to have these purely Louisiana state law claims heard in Louisiana state court, and there is nothing to indicate that any party will be prejudiced by a remand to Louisiana state court. To the contrary, the plaintiff, Diamond, has previously sought remand of these claims, and the record contains no evidence that Stiel ever consented to the removal of this action. Accordingly, the convenience and fairness factors each certainly favor remand.

Finally, comity demands that the this federal court, which is a court of limited jurisdiction and "not as well equipped for determinations of state law as are state courts", respect the jurisdiction of the Louisiana state courts over Louisiana state law questions. *Enochs*, 641 F.3d at 160 *quoting Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588-589 (5th Cir. 1992) . The comity factor therefore also favors remand.

For these reasons, the overall balance of the statutory and common law factors clearly favor of remand. Based on this Court's review of these factors, a review of the record presently before this Court, including the unopposed Motion to Remand, this Court's limited grant of subject matter jurisdiction, and the general rule that federal courts should remand Louisiana state law claims when all federal claims are dismissed, the Court concludes that this case should be remanded to state court. Therefore;

**IT IS ORDERED** that the Motion to Remand [rec. doc. 127] is **granted**, and accordingly, this lawsuit is **Remanded** to the 16th Judicial District Court for St. Mary Parish, Louisiana.

Signed this 20th day of June, 2014, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE